IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TAM HO PLAINTIFF

v. Case No. 6:26-cv-6024

DUSTIN ARNOLD; and
ARKANSAS STATE POLICE DEFENDANTS

**ORDER**

Before the Court is Defendants' Motion to Dismiss. ECF No. 15. Plaintiff has responded. ECF No. 18. The Court finds the matter ripe for consideration.

## I. BACKGROUND[1]

On the morning of September 24, 2024, Plaintiff was driving her vehicle along Interstate-30 East in Clark County, Arkansas. At approximately 8:15 a.m., Separate Defendant State Trooper Dustin Arnold ("Trooper Arnold") initiated a traffic stop of Plaintiff's vehicle. In response to what Plaintiff describes as agitated and threatening behavior from Trooper Arnold, Plaintiff began to film the traffic stop on her cell phone. Trooper Arnold then slapped the phone out of Plaintiff's hand and proceeded to arrest Plaintiff after pulling her out of the vehicle. Upon arrest, Plaintiff was detained for approximately six hours before being released without charges.[2]

On October 2, 2024, Plaintiff attended the arraignment for her traffic arrest in the Clark County District Court ("District Court").[3] The State brought four charges against Plaintiff: 1) failure to obey a police officer; 2) speeding; 3) improper lane change/usage; and 4) obstructing

[1] The Court derives most of the factual background from the factual allegations within Plaintiff's Third Amended Complaint. ECF No. 11.

[2] Plaintiff states that she was taken to "jail" but does not specify what facility or detention center to which she was transported.

[3] *See State v. Tam Thi Ho*, ADS-24-1770 (https://caseinfo.arcourts.gov/opad/case/ADS-24-1570). As publicly accessible records, the details of Plaintiff's Court proceedings are properly considered in this motion to dismiss. *Ashford . Douglas Cnty.*, 880 F.3d 990, 992 (8th Cir. 2018).

governmental operations. Plaintiff states that the prosecution and Trooper Arnold presented no evidence of her alleged crimes at the arraignment and that the presiding judge barred Trooper Arnold from answering Plaintiff's question asking why she was arrested. On December 11, 2024, the District Court conducted a trial on the four charges, finding Plaintiff not guilty of the obstructing governmental operations charge and finding her guilty of the three other charges. The District Court assessed fines against Plaintiff for the three guilty verdicts. Plaintiff alleges that Trooper Arnold deliberately withheld his patrol vehicle's dashcam footage from being introduced in the District Court proceedings.

After the proceedings in the District Court, Plaintiff attempted to file a complaint against Trooper Arnold. Arkansas State Police ("ASP") Lieutenant Marcus Daniel instructed Plaintiff that she must file the complaint in person. Plaintiff also attempted to obtain records related to her traffic stop under Arkansas' Freedom of Information Act ("FOIA") but was informed that her request was denied because she was not a citizen of Arkansas.[4]

On March 2, 2026, Plaintiff, proceeding pro se, filed her initial Complaint in this Court. ECF No. 1. On April 3, 2026, Plaintiff filed her Third Amended Complaint, which is the operative complaint in this case. ECF No. 11 (the "TAC"). Plaintiff brings claims against Defendants Trooper Arnold and ASP pursuant to 42 U.S.C. § 1983, alleging violations of the First, Fourth, and Fourteenth Amendments. TAC at 2–3. Plaintiff proceeds against Trooper Arnold in his individual and official capacity and against the ASP in its official capacity. TAC at 2. Plaintiff seeks compensatory, punitive, and nominal damages, along with declaratory relief, injunctive relief, and fees and costs. TAC at 9-15.

On May 4, 2026, Defendants filed the instant motion to dismiss pursuant to Federal Rule

---

[4] Thought Plaintiff does not explicitly state that she is a citizen of Indiana, the personal address she provides in her pleading is in Indiana. ECF No. 11, at 1.

of Civil Procedure 12(b)(6) along with their brief in support, arguing that Plaintiff's claims are either categorically barred or fail to state a claim upon which relief may be granted. ECF Nos. 15 & 16.

## II. LEGAL STANDARD

A party may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint, so the Court's inquiry is limited to whether the challenged pleading sets forth sufficient allegations to make out the elements of a right to relief. *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981). A pleading must give "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations of a complaint are assumed true and all reasonable inferences are drawn in the plaintiff's favor, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Id*. at 555-56.

The complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id*. (internal citations and alterations omitted) (quoting *Twombly*, 550 U.S. at 555, 557). In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings must be liberally construed and are held to lower standards than those of represented parties. *Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010). However, "pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). This means that a pro se litigant still has "a burden to plead sufficient facts" to make a claim plausible and cannot rely upon "conclusory allegations" to satisfy this burden. *Scherping v. C.I.R.*, 747 F.2d 478, 480 (8th Cir. 1984).

## III. DISCUSSION

A claim pursuant to § 1983 requires a plaintiff to show "the violation of a right secured by the Constitution and laws of the United States" by "a person acting under color of state law." *Mohamud v. Weyker*, 144 F.4th 1099, 1103 (8th Cir. 2025). A § 1983 individual-capacity claim alleges "personal liability for individual actions by officials in the course of their duties[.]" *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). A § 1983 official-capacity claim against an individual is functionally a suit against the entity that employs the individual, and such a claim must prove that the entity caused the alleged constitutional violation through its policy or custom. *Schaffer v. Beringer*, 842 F.3d 585, 596 (8th Cir. 2016).

Though Plaintiff's TAC is not a model of clarity, the Court interprets it to allege three categories of claims. Plaintiff's two First Amendment claims allege that Trooper Arnold arrested Plaintiff in retaliation for her attempting to film the traffic stop and that the ASP's policies requiring in-person complaints and in-State citizenship for Arkansas FOIA requests infringe on her First Amendment rights. TAC at 3. The retaliatory arrest claim seems to be against Trooper Arnold in his individual capacity, and the claim attacking the ASP policies seems to be against the ASP in its official capacity. The Fourth Amendment claims allege that Trooper Arnold arrested her without probable cause and used excessive force when arresting her. TAC at 3. Both Fourth

Amendment claims appear to be against Trooper Arnold in his individual and official capacity. The Fourteenth Amendment claim alleges that Trooper Arnold and the prosecution withheld exculpatory evidence during the proceedings against her in the District Court. TAC at 3. This claim appears to be against Trooper Arnold in his individual and official capacity, and against the ASP in its official capacity.

Defendants put forth several arguments regarding why Plaintiff has failed to state a cognizable claim. The Court will address each argument in turn.

**A. *Heck* Doctrine**

Defendants argue that Plaintiff's claims alleging a lack of probable cause for her arrest, alleging a retaliatory arrest for exercising her First Amendment right to film, and alleging that Trooper Arnold withheld exculpatory evidence are barred under the doctrine outlined in *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF No. 16, at 3–4. Defendants contend that these § 1983 claims attack the foundations of Plaintiff's arrest and prosecution and would functionally invalidate her conviction if successful. Defendants then assert that such claims are barred under *Heck* unless it is shown that the conviction has been reversed or overturned in some manner. Because Plaintiff cannot show that her conviction has been overturned, Defendants assert that these § 1983 claims cannot proceed. Plaintiff does not address this argument in her response.

The Court finds these three claims are barred under the principle outlined in *Heck*. That principle holds:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Heck*, 512 U.S. at 486-87. The need to show that a conviction or sentence has been overturned is called the "favorable-termination" requirement. *Mitchell v. Kirchmeier*, 28 F.4th 888, 895 (8th Cir. 2022). The favorable-termination requirement must be satisfied if a § 1983 claim "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence." *Id.* These three claims run afoul of this principle because they assert either that Plaintiff's arrest and subsequent prosecution were not supported by probable cause or that the prosecution withheld exculpatory evidence during the proceeding in the District Court. Further, Plaintiff seeks money damages for these claims. TAC at 9–10. Because Plaintiff has not demonstrated that her conviction and sentence in the District Court related to the traffic stop has been reversed or overturned in some manner, these claims are barred under *Heck* and must be dismissed. 512 U.S. at 487 ("A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.") (emphasis in original).

**B. Sovereign Immunity**

Defendants argue that Plaintiff's claims against the ASP or against Trooper Arnold in his official capacity are barred by sovereign immunity. ECF No. 16, at 8. Defendants note that Plaintiff seeks money damages for her claims against the Defendants in their official capacity and then assert that the Eleventh Amendment gives a State, its agencies, and its officials acting in their official capacity immunity to such claims. Plaintiff does not address this argument in her response.

The Court finds that Defendants are correct that Plaintiff's claims against the ASP and Trooper Arnold in his official capacity are barred by sovereign immunity. The Eleventh Amendment presupposes that "a federal court generally may not hear a suit brought by any person against a nonconsenting State." *Allen v. Cooper*, 589 U.S. 248, 254 (2020). "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a

federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989). Consequently, a State and its agencies are not "persons" subject to a § 1983 suit, and a § 1983 claim against a State official in their official capacity is likewise barred because it is functionally a claim against the State. *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999). Therefore, Plaintiff's § 1983 claims against Trooper Arnold in his official capacity and the ASP are barred under the Eleventh Amendment. *See id.*

**C. Qualified Immunity**

Defendants argue that Plaintiff's remaining claim against Trooper Arnold in his individual capacity should be dismissed because he is entitled to qualified immunity. ECF No. 16, at 4–8. For the claim alleging that Trooper Arnold used excessive force in violation of the Fourth Amendment when arresting Plaintiff, Defendants first argue that Plaintiff has not alleged facts sufficient to state a violation of the Fourth Amendment. Defendants contend that Plaintiff offers nothing more than a conclusory assertion that the force used to pull her out of her vehicle was excessive. Noting that law enforcement officials are entitled to use some amount of force to conduct an arrest, Defendants assert that Plaintiff's bare allegations do not state a cognizable claim for excessive force. With Plaintiff failing to allege a constitutional violation, Defendants argue that Trooper Arnold is entitled to qualified immunity. Defendants then argue that even if Plaintiff stated a cognizable claim for excessive force, Trooper Arnold would still be entitled to qualified immunity because it was not clearly established at the time that his actions violated the Fourth Amendment.

In response, Plaintiff does not directly address Defendants' arguments regarding her excessive force claim. Plaintiff mostly reiterates the facts alleged in her complaint and then asserts

that qualified immunity should not apply at this stage because her allegations, if accepted as true, illustrate a constitutional violation. ECF No. 18, at 4–6.

The Court finds that Plaintiff has failed to state a claim for excessive force, which entitles Trooper Arnold to qualified immunity for this claim. "Excessive force claims under the Fourth Amendment are governed by the reasonableness standard." *Baude v. Leyshock*, 23 F.4th 1065, 1073 (8th Cir. 2022). Reasonableness of the use of force is evaluated by balancing "nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* A plaintiff must "show the amount of force used was objectively unreasonable under the particular circumstances." *Id.* "Police officers undoubtedly have a right to use some degree of physical force, or threat thereof, to effect a lawful seizure" and the "dispositive question is whether the officer's conduct was objectively reasonable under the circumstances, as judged from the perspective of a reasonable officer on the scene at the time the force was applied." *Chambers v. Pennycook*, 641 F.3d 898, 907 (8th Cir. 2011). Qualified immunity entitles a public official to immunity from suit under § 1983 unless their actions: 1) violated constitutional or statutory rights; and 2) those rights were clearly established at the time of the alleged violation. *Perry v. Adams*, 993 F.3d 584, 587 (8th Cir. 2021).

Here, the most Plaintiff alleges regarding excessive force is that Trooper Arnold "forcibly pulled Plaintiff out of the vehicle" when he arrested her. TAC at 4. This lone allegation is not sufficient to state that Trooper Arnold used force that was "objectively unreasonable" for the situation. *Leyshock*, 23 F.4th at 1073. At most, this description aligns with the permissible use of "some degree of physical force" to effectuate an arrest. *Pennycook*, 641 F.3d at 907. Beyond that, Plaintiff simply labels the pull as "excessive force" multiple times without providing any further details. TAC at 4, 7–9, 11, 14. Such conclusory statements are insufficient to state a

plausible claim. *Scherping*, 747 F.2d at 480. Without adequately alleging that Trooper Arnold used excessive force in violation of the Fourth Amendment, Trooper Arnold is entitled to qualified immunity for this claim. *See Perry*, 993 F.3d at 587 (noting that qualified immunity attaches when there is no constitutional violation).

## IV. CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motion to Dismiss (ECF No. 15) should be and is hereby **GRANTED**. Accordingly, Plaintiff's Third Amended Complaint (ECF No. 11) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 18th day of August, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge